# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### HELENA  DIVISION

LOREN W. MAY, SR.,
Reg.  #17748-045                                                              PLAINTIFF

V.                                    2:13CV00127 KGB/JTR

A. HAYNES
Warden, FCI-FC, et al.                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge Kristine G. Baker.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

-1-

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing
      before the United States District Judge was not offered at
      the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony
      or other evidence (including copies of any documents)
      desired to be introduced at the requested hearing before the
      United States District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Loren W. May, Sr., has filed this action alleging that the named

Defendants exhibited deliberate indifference to his serious medical needs. Defendants

have filed a Motion to Dismiss and Alternatively, Motion for Summary Judgment.[1]

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the
nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the

*Doc. No. 29.* Plaintiff has filed a Response and a Statement of Disputed Facts. *Doc. Nos. 41 & 43.*

## II. Facts

Plaintiff brings this cause of action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] He alleges that, while a prisoner at the Federal Correctional Institution-Low in Forrest City Arkansas ("Forrest City-Low"), he suffered from various ailments for which he was not afforded proper treatment. *Doc. 5 at 3*. Specifically, Plaintiff claims that he suffered from staph infections, rashes, boils, and chest pains. *Id.* Plaintiff alleges that all of these afflictions stem from the overcrowded and unsanitary atmosphere in which the inmates at Forrest City-Low are housed. *Id. at 3-4.*

From October 12, 2010 to March 22, 2013 Plaintiff claims to have suffered "wanton pain" from the aforementioned afflictions. *Id.* at 3. On or about the period ranging from August 15, 2013 to September 6, 2013, Plaintiff states that he had no

---

moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

[2]In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

relief from these afflictions as, despite his frequent pleadings, he was not diagnosed, cured, or healed. *Id*. He further alleges that he believed the infection to be in his blood. *Id*. He alleges that his condition is now "irreparable." *Id. at 4*.

With regard to the Defendants, Plaintiff alleges that his grievances concerning his ailments were ignored by Defendants Anthony Hayes and Ron Smith. *Id*. Plaintiff also accuses Defendants Graham and Hoy of ignoring his requests to be "properly diagnosed." *Doc. 5 at 4*. Plaintiff accuses all Defendants of deliberate indifference to his serious medical needs. *Id*. at 5.

For their part, Defendants state that Plaintiff arrived at Forrest City-Low with an "extensive history of cellulitis and abscesses on his feet, legs, underarms, and abdomen." *Doc. 31-2, Ex. B. ¶ 7* (citing "Relevant Medical Records" Att. 1at 17-19). They further attest that Plaintiff has a history of Methicillin-Resistant Staphylococcus Aureus, dermatitis, chest pain, and hypertension. *Id.* Finally, they state that Plaintiff also suffers from Hepatitis-C disease, which weakens an individual's immune system and causes them to more easily acquire infections.  *Id. ¶ 8.*

Defendants allege that Plaintiff first presented to Health Services at Forrest City-Low on October 12, 2010 with indications of skin infection. *Id. ¶ 12.* They also allege that he was prescribed antibiotics at this time. *Id.* In November 2010, Defendants allege that Plaintiff again presented to Health Services, was diagnosed with cellulitis and abscesses, and again prescribed antibiotics. *Id*. On three occasions in 2013, Defendants state that Plaintiff reported to Health Services with complaints

of staff infection and skin lesions. *Id. ¶ 15.* They allege that he was, on each of these occasions, prescribed antibiotic treatment. *Id.*

With regard to administrative exhaustion, the Federal Bureau of Prisons has a multi-level grievance mechanism which inmates must exhaust prior to bringing an action in federal court.[3] *Doc. 31 at 3* (citing 28 C.F.R. §§ 542.10 -542.18). This system requires an inmate to file a Request for Administrative Remedy ("grievance") within 20 days of the grieved of incident. *Doc. 31 at 3* (citing 28 C.F.R. §§ 542.14(a)). Reviewing officials may then reject and return without response any grievance which does not meet the requirements of the grievance program. *Id.* (citing § 542.17(a)). When such rejection occurs, a written explanation for the rejection is appended which provides, if the defect is correctable, a reasonable extension of time to resubmit the grievance. *Id.* (citing  § 542.17 (b)).  An inmate may appeal when a grievance is rejected and the inmate is not provided an opportunity to correct and resubmit. *Id.* (citing  § 542.17 (c)).

Defendants state that Plaintiff filed twenty-five (25) grievances while incarcerated at Forrest City-Low. *Doc. 31-1, Ex. A. ¶ 13.* They further contend that three "remedy series" are relevant to the immediate action: (1) Series 659971 which

---

[3]The following description of the Federal Bureau of Prisons grievance system is gleaned from the documents submitted by Defendants, in conjunction with review of the relevant sections of the Code of Federal Regulations. Pursuant to his Statement of Disputed Facts, Plaintiff argues that he "filed the appropriate grievance procedure." *Doc. 43 at 1.*  Plaintiff does not, however, dispute any portion of the Defendants' description of the system itself. Accordingly, the Court deems the Defendants' description of the Federal Bureau of Prisons grievance system to be an undisputed fact.

complains of staph infections stemming from black mold, (2) Series 721033 which complains of medical issues, mold, second-hand smoke, and medical records, and (3) Series 728188 which requests a unit transfer due to mold and other issues at Forrest City-Low. *Id. ¶ 13* (citing Att. 2 at 4-5,7, 9-11, 13-14). Finally, Defendants contend that Plaintiff failed to exhaust, in any remedy series, his allegations that overcrowding, unsanitary conditions, and second-hand tobacco smoke were the cause of his ailments. *Doc. 31 at 4.*

### III. Discussion

Defendants have bifurcated their Motion. They begin by arguing that Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies. *Doc. 30 at 8.* In the alternative, they argue that they are entitled to summary judgment because: (1) Plaintiff's claims are barred by collateral estoppel and *res judicata*, (2) Plaintiff has failed to allege sufficient personal involvement on the parts of Defendants Haynes, Hoy, and Graham, (3) Defendants were not deliberately indifferent to Plaintiff's serious medical needs, (4) Plaintiff's conditions of confinement did not violate the Eighth Amendment, (5) official capacity claims are not cognizable under *Bivens*, (6) the Fourteenth Amendment is not applicable to these claims, and (7) Defendants are entitled to qualified immunity. The Court begins by evaluating whether Plaintiff properly exhausted his administrative remedies.

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

As noted in the foregoing section, Defendants contend that three "remedy series" are relevant to this action. While acknowledging that Remedy Series 659971

("659971") was properly exhausted, Defendants contend that 659971 failed to raise the primary issue which is now at issue in this action - namely that Plaintiff's afflictions were caused by unit overcrowding and unsanitary conditions stemming from that overcrowding. *Doc. 30 at 7.* The Court agrees.

Per his Complaint, Plaintiff emphasizes that he believes his medical issues were the result of overcrowding at Forrest City-Low. *Doc. 5 at 3-4.* However, in 659971, Plaintiff never mentions overcrowding.  *Doc. 31-1 at 34-40.* Instead, 659971 relates only to Plaintiff's belief that his staph infections were caused by the presence of black mold in Forrest City-Low. *Id.*  The Court finds that 659971 never afforded reviewing officials the opportunity to address Plaintiff's overcrowding and unsanitary conditions claims. Accordingly, 659971 failed to administratively exhaust the issues which are driving this action.

Next, Defendants argue that Remedy Series 721033 ("721033") was not submitted in accordance with Federal Bureau of Prisons administrative regulations and policy. *Doc. 30 at 7.* Specifically, they argue that the relevant grievances were returned to Plaintiff due to form defects, and Plaintiff was afforded an opportunity to correct and resubmit them. *Id.* Defendants contend that he failed to do so. *Id.*

The records provided by Defendants indicate that 721033 was rejected because it complained of multiple, unrelated issues. *Doc. 31-1 at 28.*[4] The records provide no

---

[4]The Court notes that CFR § 542.14 (c)(2) provides that an inmate "shall place a single complaint or a reasonable number of closely related issues on the form. If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without

indication that Plaintiff undertook any further action to pursue 721033 after its rejection. As Plaintiff declined to address 721033 in either his Response or Statement of Disputed Facts (Docs. 41 &43), the Court finds that 721033 was not properly exhausted.

Remedy Series 728188 ("72188") is the final series which Defendants argue is relevant to this action. In it, Plaintiff argues that the unit environment necessitates his transfer. *Doc. 31-1 at 41.* The initial grievance ("BP-9") received a response from the Warden in which a transfer was denied. *Id.* at 5, ¶ 19. Plaintiff then filed an appeal of that decision ("BP-10"). *Id ¶ 20.* When Plaintiff did not receive a response to BP-10 within the allotted time, he submitted a further appeal ("BP-11") *Id.* ¶ 21. The Office of General Counsel rejected BP-11 because Plaintiff failed to include a copy of BP-10. *Id.* He was advised to resubmit both BP-11 and a copy of BP-10 within fifteen (15) days of the rejection notice. *Id.* Records provide no indication that Plaintiff did so.[5] *Doc. 31-1 at 32.* Plaintiff has declined to specifically dispute or otherwise address Defendants' narrative regarding 728188. Accordingly, the Court finds that Plaintiff failed to exhaust 728188.

Plaintiff's lone argument in support of exhaustion is contained in his Statement of Disputed Facts, where he asserts only that he "filed the appropriate grievance

---

response..."

[5]Defendants also note that, despite Plaintiff's initial failure to resubmit BP-11, he was afforded a second opportunity to exhaust when officials provided a late response to BP-10. *Id.* at 5, ¶ 22. Here again, however, records fail to evidence a resubmission.

procedure" for the issues of overcrowding, unsanitary conditions, inadequate medical care, prolonged health care, improper diagnoses, and second-hand smoke. *Doc. 43 at ¶1*. However, Plaintiff provides no evidence which would either support this conclusory statement or contradict Defendants' arguments and evidence establishing his failure to properly exhaust his claims.  In the absence of such evidence, the Court concludes that Plaintiff has failed to exhaust his administrative remedies in connection with the claims asserted against Defendants in his Complaint.

Pursuant to their Motion, Defendants request that Plaintiff's claims be dismissed, or, in the alternative, that they be granted summary judgment. Based on the foregoing analysis, the Court concludes that Defendants are entitled to summary judgment on the issue of exhaustion.[6]

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' Motion to Dismiss and Alternatively, Motion for Summary (Doc. 29) Judgment be GRANTED.

2.      Defendants be granted summary judgment on the issue of exhaustion.

3.      Plaintiff's claims against Defendants Haynes, Smith, Graham, and Hay

---

[6]The United States Court of Appeals for the Eighth Circuit has held it is improper to consider the merits of a case if the defendants have raised an affirmative defense of failure to exhaust administrative remedies. *Barbee v. Correctional Medical Services*, 394 Fed. Appx. 337, 338 (2010). The *Barbee* court specifically held that if "the court determined that the claims were unexhausted, it was required to dismiss them without prejudice." *Id.* (citing *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003)). As the Court has found that Plaintiff has failed to exhaust administrative remedies against Defendants, it does not reach the merits of this action.

be DISMISSED WITHOUT PREJUDICE, due to a lack of exhaustion.

4.      Plaintiff's Motion to Supplement the Record (Doc. 42) be DENIED as MOOT.

5.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this <u>8th</u> day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE